# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

02 FEB -4 PM 12: 27

WILLIAM BORKLUND and )
SHANNON McCORD, )
     )
    **Plaintiffs,** )
     )      **CV 01-BU-2805-S**
    **v.** )
     )
BP PRODUCTS NORTH )
AMERICA, INC. )    **ENTERED**
     )
    **Defendant.** )    FEB 4 2002
     )
     )

## MEMORANDUM OPINION & ORDER

Plaintiffs William Borklund and Shannon McCord bring this suit against BP Products North America Inc. ("BP"), alleging the following: Count I (breach of contract), Count II (promissory fraud), Count III (fraudulent suppression), Count IV (misrepresentation), Count V (intentional interference with business relations), Count VI (violation of the Alabama Motor Fuel Marketing Act), Count VII (civil conspiracy), and Count VIII (violation of the Robinson-Patman Price Discrimination Act). Defendant has filed a motion to dismiss Counts II, III and IV for failure to plead with particularity pursuant to Fed. R. Civ. P. 9(b) and for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

See Doc. No. 3. Plaintiffs argue that such claims are not due to be dismissed, and, in the

alternative, move this Court to allow Plaintiffs to amend their Complaint. See Doc. No. 10.

For the following reasons, the Court GRANTS defendant's motion to dismiss in part and

DENIES it in part; in addition, the Court GRANTS Plaintiffs' motion to amend their

Complaint.[1]

## I. FACTUAL BACKGROUND[2]

Plaintiffs were independent BP gasoline dealers in Birmingham, Alabama. Plaintiffs

owned and operated separate service stations in the metropolitan Birmingham area and

purchased all of the gasoline sold at their stations from Defendant. Plaintiffs claim that

Defendant sold gasoline to Plaintiffs at an inflated rate relative to other wholesale gasoline

customers of BP.[3] Plaintiffs allege that such direct "price discrimination," together with a

capricious system of dividing up purchasers by "zones," are evidence of Defendant's intent

---

[1]As the Court grants Plaintiffs' motion to amend their complaint, the Court will discuss Defendant's motion to dismiss with respect to Plaintiffs' amended complaint.

[2]On a motion to dismiss, all well pleaded allegations of the complaint are taken as true, even if disputed. Miccosukee Tribe of Indians of Florida v. Florida State Athletic Com'n, 226 F.3d 1226, 1230 n.3 (11th Cir. 2000); Donald D. Forsht Associates, Inc. v. Transamerica ICS, Inc., 821 F.2d 1556, 1561 n.6 (11th Cir. 1987) (citing Jenkins v. McKeithen, 395 U.S. 411 (1969)).

[3]It seems that there are several groups of wholesale gasoline purchasers from Defendant: (1) "jobbers" (purchasers who resell gasoline to either the public via stations, or to other retail BP dealers); (2) "independent gas stations" (stations not branded with the BP name that sell gasoline on a retail basis); (3) "independent dealers" (non-company owned retail gas stations branded with the BP name; Plaintiffs apparently belong to this group); (4) "company-owned" stations (BP-owned retail gas stations). See Doc. 10 (Plaintiffs' Amended Complaint) ¶¶ 9, 10.

to drive Plaintiffs out of business.[4] Moreover, Plaintiffs allege that Defendant had developed

this scheme to eliminate the "independent dealer" before Plaintiffs executed the "Dealer

Lease And Supply Agreement" ("the Agreement").

Plaintiffs contend that Defendant was bound to charge Plaintiffs the same price as

other wholesale purchasers.  In support of this contention, Plaintiffs direct the Court's

attention to paragraph 14 (the "Pricing Provision") of the Agreement:

> Prices for all products purchased by Dealer from BP shall be
> BP's price in effect at the time and place of loading for BP-
> franchised dealers ("Dealer Tankwagon Price") together with
> any adjustments related to the Facility's location and any
> applicable incentive programs.  Prices for all products shall be
> subject to change without notice to Dealer.[5]

---

[4]It is not clear whether the Plaintiffs allege that Defendant's aim was to drive out of business an entire class of purchasers, of which Plaintiffs were presumably members, a subset of such a class, or to squeeze out only the two Plaintiffs in the instant litigation.  In the Plaintiffs' Amended Complaint, the Plaintiffs categorize themselves as "independent BP gasoline dealers" and state that, "BP Products charged the plaintiffs more than other wholesale buyers, including BP Products' *other independent dealers* and company-owned retail establishments, thus making it difficult for the Plaintiffs to compete in business."  See Doc. 10 (Plaintiffs' Amended Complaint) at ¶ 1 (emphasis added).  This suggests that BP chose certain individuals for disadvantageous treatment from among its independent gasoline dealers.  If the Plaintiffs were selected from the class of independent BP gasoline dealers for uniquely unfavorable treatment, their contention that Defendant's clandestine business plan was to drive out of business "[all] independent dealers" seems specious as a matter of logic.  See id.; see also id. at ¶ 10 ("BP Products' wholesale sales price to jobbers, other BP dealers, independent retailers, and/or Company-Owned Stations was at one or more times substantially lower than its wholesale sales price on gasoline sales made to Plaintiffs.").

[5]In the Brief supporting Defendant's motion to Dismiss (Doc. No. 4) at page 3, Defendant quotes the pricing provision of the Agreement.  Although Defendant quotes paragraph 14 as stating that "Supplier will notify Dealer of [gasoline price changes] in the normal course of business[.]", the pricing provision of both the Borklund Agreement and the McCord Agreement states "Prices for all products shall be subject to change without notice to Dealer."  As the Agreement was attached to the Amended Complaint, the Court is able to consider it in ruling on

Plaintiffs interpret the Pricing Provision of the Agreement as creating an obligation on the part of Defendant to sell gasoline to Plaintiffs at the same price as to all other purchasers, and to create a zone system that is not arbitrary and not susceptible to unilateral modification. Plaintiffs further aver that Defendant held out to Plaintiffs the promise of egalitarian sales policies in order to induce Plaintiffs to execute the Supply Contract. According to Plaintiffs, Defendant ignored the Agreement and began to sell gasoline at different prices to different dealers in order to realize higher profits. Plaintiffs allege that they were unable to compete effectively under this pricing regime, and that they suffered damages as a direct result of Defendant's wrongful actions.

## II. STANDARD OF LAW

The sufficiency of a complaint is measured by Fed. R. Civ. P. 8(a), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court has emphasized that the Federal Rules "do not require a claimant to set out in detail the facts upon which he bases his claim." Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168, (1993) (quotations and citations omitted). Thus, a complaint may be dismissed under Fed. R. Civ. P. 12(b)(6) for

---

a Rule 12(b)(6) motion. See Fed. R. Civ. P. 10(c); see also, Brooks v. Blue Cross and Blue Shield of Florida, Inc., 116 F.3d 1364, 1369 (11th Cir.1997); Cortec Ind., Inc. v. Sum Holding, L.P., 949 F.2d 42, 47-48 (2d Cir.1991); I. Meyer Pincus & Assoc. v. Oppenheimer & Co., 936 F.2d 759, 762 (2d Cir.1991);Quiller v. Barclays American/Credit, Inc., 727 F.2d 1067, 1069 (11th Cir. 1984); Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank, 515 F.2d 1200, 1206 (5th Cir. 1975); Deerman v. Federal Home Loan Mortg. Corp., 955 F. Supp. 1393, 1397 (N.D. Ala. 1997) (Blackburn, J.).

failure to state a claim upon which relief can be granted only when, accepting all of the allegations of the complaint as true and giving Plaintiff the benefit of every reasonable inference that may be drawn therefrom, it appears beyond doubt that the plaintiff can prove no set of facts in support of his allegations which would entitle him to relief. White v. Lemacks, 183 F.3d 1253, 1255 (11th Cir. 1999); Long v. Satz, 181 F.3d 1275, 1278 (11th Cir. 1999). It is not proper to assume, however, that the plaintiff can prove facts that he has not alleged or that the defendant has violated the laws in ways that have not been alleged. Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983).

## III. DISCUSSION

Defendant contends that Plaintiffs have failed to state a claim for fraud and that Plaintiffs' claims of fraud have not been pleaded with sufficient particularity as required by Fed. R. Civ. P. 9(b). Defendant contends that Plaintiffs' Count II fails to state a claim because Plaintiffs have not alleged a misrepresentation, nor have they alleged Defendant's intent not to perform under the contract. Defendant contends that Plaintiffs' Counts III and IV must be dismissed because they do not meet the heightened pleading requirements outlined in Fed. R. Civ. P. 9(b). The Court finds Defendant's arguments unavailing; however, the Court concludes that Counts III and IV are due to be dismissed on other grounds.

## A. Count II, Promissory Fraud

Plaintiffs contend that paragraph 14 of the Agreement constituted a promise on the part of Defendant to (1) sell gasoline to Plaintiffs at the same price as all other wholesale purchasers, and (2) define pricing areas ("zones") in accordance with prior dealing between the parties (rather than "unilaterally" redefining them). See Plaintiffs' Amended Complaint, ¶¶ 14, 17.

To state a claim for promissory fraud, the plaintiff must allege facts showing "(1) a false representation; (2) of an existing material fact; (3) that is [reasonably] relied upon; (4) damage resulting as a proximate cause [; (5) that] at the time of the misrepresentation, the defendant had the intention not to perform the promised act [;] and (6) that the defendant had an intent to deceive." Bethel v. Thorn, 757 So.2d 1154, 1159 (Ala. 2000) (citing Pinyan v. Community Bank, 644 So.2d 919, 923 (Ala. 1994)). The gravamen of a claim for promissory fraud is that the alleged misrepresentations concern the performance of promises, see Spring Hill Lighting & Supply Co. v. Square D Co., 662 So.2d 1141, 1149 (Ala. 1995), and that the promisor intended not to perform such promises at the time the promise was made. See, e.g., U.S. Diagnostic, Inc. v. Shelby Radiology, P.C., 793 So.2d 714, 720 (Ala. 2000).

Defendant asserts that Plaintiffs have failed to state a claim for promissory fraud because (1) they have not alleged a false representation, and (2) because they have not plead that Defendant intended to break its promises. However, Plaintiffs have alleged pleaded both elements. Plaintiffs alleged that the pricing provision of the Agreement constituted a promise to sell gasoline to Plaintiffs at the same price as for other wholesale buyers, and a promise

not to alter the price zone scheme unilaterally, and that Defendant broke both promises. Plaintiffs' Amended Complaint ¶¶ 14, 17. Defendant's arguments that the pricing provision contemplated both the zone system and subsequent price changes are relevant to an argument that Defendant did not breach the agreement; they are not relevant to an argument that Plaintiffs failed to state a claim. The Court believes that there is merit to Defendant's arguments concerning the absence of a breach of the Agreement; however, in order to survive a motion to dismiss Count II, Plaintiff must only have alleged the nature of the misrepresentation(s). Plaintiffs specify the promises that Defendant allegedly made, the dates on which they were made, the places that they were made, the promisor and its agents.[6] Plaintiffs alleged reasonable reliance on the misrepresentations, resulting losses of sales flowing from such reliance, and that Defendant gained increased sales volume and profits by "crippling the ability of Plaintiffs to compete." Plaintiffs' Amended Complaint ¶¶ 19-21.

Plaintiffs have also alleged that Defendant intended to charge Plaintiffs higher rates than other wholesale purchasers, in contravention of Defendant's promise of even-handed pricing contained at paragraph 14 of the Agreement, at the time it entered into the Agreement

---

[6]The attached copies of the Borklund Agreement and the McCord Agreement both contain these specifics. The Borklund Agreement was executed at "site #24254,"on January 3, 2000 and was executed by Bob Hume, a Division Manger for BP. The date next to Bob Hume's signature is blank. McCord signed the Agreement on January 19, 2000, the witness signed the Agreement on March 8, 2000, and the date next to Bob Hume's signature is blank. In any event, Defendant should certainly be aware of the "nature and the subject" of the alleged misrepresentations, as Defendant was present at and party to the execution of the contract containing the alleged misrepresentations. The Court believes that Defendant BP has been sufficiently "alerted" to the "precise misconduct" of which it is charged. See, Durham v. Business Management Associates, 847 F.2d 1505, 1511 (11th Cir. 1988).

with Plaintiffs.  Plaintiffs' Amended Complaint ¶ 18.  Rule 9(b) expressly states that "[m]alice, intent, knowledge, and other condition of mind of a person may be averred generally."  See 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1301 (2d ed. 1990); McAllister Towing & Transportation Co., Inc. v. Thorn's Diesel Service, Inc., 131 F. Supp. 2d 1296, 1300 n. 3 (M.D. Ala. 2001).[7]  Plaintiffs clearly plead Defendant's intent not to perform its promises concerning pricing and zone-drawing; therefore, the Court concludes that Defendant's motion to dismiss Count II is due to be denied.

B. Count III, Fraudulent Suppression

Defendant contends that Count III, fraudulent suppression, should be dismissed for

---

[7]The Court notes that, despite the apparently clear language of Rule 9(b) allowing intent to be plead generally, a number of federal courts seem to require more than "general" averments for a plaintiff to survive a motion to dismiss. See, e.g., Caputo v. Pfizer, Inc., 267 F.3d 181, 191 (2d Cir. 2001) (citing Connecticut Nat'l Bank v. Fluor Corp., 808 F.2d 957, 962 (2d Cir. 1987)) (ERISA context); Bower v. Jones, 978 F.2d 1004, 1012 (7th Cir. 1992) (citing Hollymatic Corp. v. Holly Systems, Inc., 620 F. Supp. 1366, 1369 (N.D. Ill. 1985)) (promissory fraud context); Cosmas v. Hassett, 886 F.2d 8, 12-13 (2d Cir. 1989) (Pleader must "allege facts which give rise to a strong inference that the defendant possessed the requisite fraudulent intent."); Beck v. Manufacturer's Hanover Trust Co., 820 F.2d 46 (2d Cir. 1987); Seibu Corp. v. KPMG LLP, 2001 WL 1167317, *2 (N.D. Tex.) (citing Gross v. Summa Four, Inc, 93 F.2d 987, 991 (1st Cir. 1996)) (securities fraud context); U.S. ex rel. Phipps v. Comprehensive Community Development Corp., 152 F. Supp. 2d 443, 454-55 (S.D.N.Y. 2001) (citing Shields v. Citytrust Bancorp. Inc., 25 F.3d 1124, 1128 (2d Cir. 1994)) (False Claims Act context); Clark v. Robert W. Baird Co., Inc., 142 F. Supp. 2d 1065, 1074 (N.D. Ill. 2001) (citations omitted) (promissory fraud context); Sherleigh Associates, LLC v. Windmere-Durable Holdings, Inc., 2000 WL 33672886 (S.D. Fla.) (citing Wexner v. First Manhattan Co., 902 F.2d 169, 173 (2d Cir. 1990)) (securities fraud context); U.S. ex rel. Atkinson v. Pennsylvania Shipbuilding Co., 2000 WL 1207126, *9 (E.D. Pa.) (False Claims Act context); Razdan v. General Motors Corp., 979 F. Supp. 755, 759 & n.2 (N.D. Ill. 1997) (promissory fraud context); Orix Credit Alliance v. Taylor Machine Works, Inc., 844 F. Supp. 1271, 1274 (N.D. Ill. 1994) (promissory fraud context).

failure to comport with Rule 9(b)'s heightened pleading requirements. Rule 9(b) is satisfied if the complaint sets forth "(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each statement and the person responsible for making (or in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they mislead the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." Ziemba v. Cascade Intern., Inc., 256 F.3d 1194, 1202 (11th Cir. 2001) (quoting Brooks v. Blue Cross and Blue Shield of Florida, Inc., 116 F.3d 1364, 1371 (11th Cir. 1997)). The Court finds Defendant's arguments unavailing and finds that Count III of Plaintiff's Amended Complaint meets each of the requirements contained in Rule 9(b).

Though Plaintiffs have plead Count III with sufficient specificity, it is still due to be dismissed. The infirmity in Plaintiffs' Count III lies in their failure to state a claim under Alabama substantive law. The elements of fraudulent suppression under Alabama law are: (1) the suppression of a material fact, (2) that the defendant has a duty to communicate (3) because of a confidential relationship between the parties or because of the circumstances of the case and (4) injury resulting as a proximate consequence of the suppression. Ex parte Liberty Nat'l Life Ins. Co., 797 So.2d 457, 465 (Ala. 2001) (quotation omitted).

In Plaintiffs Amended Complaint, Plaintiffs list seven different "facts" that they contend Defendant wrongfully suppressed: (1) that Defendant had adopted a business plan aimed at driving Plaintiffs out of business, (2) that Defendant would utilize the zone system

to achieve that goal, (3) that Defendant was "undertaking efforts to get rid of the dealer 'channel'," (4) that Defendant would charge Plaintiffs higher rates than other wholesale gasoline purchasers, (5) that Defendant intended to charge Plaintiffs more than other purchasers located in their pricing zone, (6) that Defendant did not intend to sell gasoline at a reasonable price, and (7) that Plaintiffs would not be permitted to determine their own selling price for gasoline.  Plaintiffs' Amended Complaint ¶¶ 24, 25.

All of these existing material facts alleged to have been wrongfully suppressed are simply rephrasings of plaintiffs' claims that Defendant promised to charge the same rate to all wholesale gasoline purchasers, and that they would not unilaterally manipulate the "zone pricing" system.  Cf. Razdan v. General Motors Corp., 979 F. Supp. 755, 759 n.2 (N.D. Ill. 1997).  The first five "facts" listed supra are all essentially promises to perform in some specified way in the future.  The sixth "fact" is entirely a contract claim, and the seventh "fact" is both forward-looking and nonsensical.  The only possible way that the "facts" allegedly suppressed might be characterized as "existing," is if the fact at issue is Defendant's contemporaneous state of mind.  However, Plaintiffs' Count II provides an avenue of redress for this potentially tortious element.  See, Spring Hill Lighting & Supply Co. v. Square D Co., 662 So.2d 1141, 1149 (Ala. 1995) ("In promissory fraud, the material existing fact that is misrepresented is the defendant's state of mind, when the defendant represents that he intends to perform some act although he does not in fact intend to perform it.")  The essential nature of the facts alleged to have been suppressed by Defendant is that

they are all forward-looking, and not really "existing facts" at all. Based on the foregoing, the Court concludes that Defendant's motion to dismiss Count III is due to be granted.

C. Count IV, Fraudulent Misrepresentation

Defendant also contends that Count IV, fraudulent misrepresentation, is due to be dismissed because it does not meet the Rule 9(b) pleading standard. For the reasons discussed supra and at note 6, the Court finds that Plaintiffs have plead Count IV with the requisite specificity. Nonetheless, the Court finds that Count IV is due to be dismissed for failure to state a claim under Alabama law.

To state a claim for fraudulent misrepresentation, a plaintiff must allege facts showing (1) that the defendant made a false representation; (2) of a material existing fact; (3) on which the plaintiff reasonably relied; and (4) which proximately caused injury or damage to the plaintiff. Goodyear Tire & Rubber Co. v. Washington, 719 So.2d 774, 776 (Ala. 1998). Plaintiffs in the instant case allege four "misrepresentations of material [existing] fact[]": (1) that Defendant intended to sell gasoline to Plaintiffs at the same price which was provided to others in the same wholesale market or wholesale pricing area; (2) that Defendant intended to sell gasoline at a reasonable price; (3) that Plaintiffs would be allowed to determine their own selling prices; and (4) certain agents of Defendant told Plaintiffs that they were "part of the BP team" and were in business "together." See Plaintiffs' Amended Complaint ¶ 31.

Not one of the "facts" alleged satisfies the standard for fraudulent misrepresentation under Alabama law. In *Bethel*, the Alabama Supreme Court noted that, unlike promissory

fraud, which concerns a promise to perform, the tort of fraudulent misrepresentation "concerns a representation of something already performed." See Bethel, 757 So.2d at 1161. In *Bethel*, the Court found an allegation that the defendant had misrepresented that an engine and transmission had been shipped (when in fact they had not been) was the exact type of allegation of an "existing fact" that stated a claim for fraudulent misrepresentation. See id.; see also id. at n.4. The Court finds that the first three alleged misrepresentations were forward-looking, and actually concerned promises to perform as opposed to existing facts. The Fourth alleged misrepresentation – Defendant's comments to Plaintiffs that they were on the same team – is not a "fact" in any sense of the word. Such persiflage and puffery do not supply the predicate misrepresentation capable of supporting the tort of fraudulent misrepresentation. The Court therefore concludes that Defendant's motion to dismiss Count IV is due to be granted.

## IV. CONCLUSION

Based on the foregoing, the Court finds that Plaintiffs' Motion to Amend their Complaint (Doc. No. 10) is hereby GRANTED. The Court also concludes that Defendant's Motion to Dismiss (Doc. No. 3) is due to be GRANTED with respect to Counts III and IV of Plaintiffs' Amended Complaint based on their failure to state a claim upon which relief can be granted. Counts III and IV are due to be DISMISSED WITH PREJUDICE, as Plaintiffs' Amended Complaint has not cured the defects afflicting such claims. Finally, Defendant's Motion to Dismiss is DENIED with respect to Count II of the Plaintiffs' Amended Complaint.

DONE and ORDERED this 31st day of January, 2002.

H. DEAN BUTTRAM, JR.
UNITED STATES DISTRICT JUDGE